## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMENYONAH BOSSMAN, | ) ) ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| SUFFOLK CONSTRUCTION | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT SUFFOLK CONSTRUCTION COMPANY, INC.'S
## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Suffolk Construction Company, Inc. (improperly referred to as Suffolk Construction Co. in the Complaint and hereinafter referred to as "Defendant" or "Suffolk"), hereby gives notice of removal of this action from the Superior Court of Suffolk County, State of Massachusetts, in which it is now pending with Case No. 2184-cv-00285, to the United States District Court for the District of Massachusetts. As grounds for removal, Defendant avers as follows:

1.     State Court Action.  On or about February 8, 2021, Plaintiff Amenyonah Bossman ("Plaintiff") commenced an action against Suffolk, entitled *Amenyonah Bossman v. Suffolk Construction Co.,* Case No. 2184-cv-00285, ("the Lawsuit"), in the Superior Court of Suffolk County, State of Massachusetts.  Suffolk received the Complaint by personal service on March 16, 2021 and served Plaintiff with a Motion to Dismiss on April 5, 2021.  The initial Complaint was not removable.  In response to the Motion to Dismiss, on April 15, 2021 Plaintiff served an Opposition to the Motion to Dismiss, a Motion to Strike, a Motion for Appointment of Expert by

the Court, as well as an Amended Complaint.  The Amended Complaint was filed on April 14,

2021 and is attached hereto as **Exhibit A**.

2.       Plaintiff's Federal and State Law Claims. In the Amended Complaint, Plaintiff

generally alleges that Suffolk failed to pay her the prevailing wage on a federally-assisted

construction contract, discriminated against her on the basis of her race, and retaliated against her

for complaining about the unfair pay practice.  Plaintiff brings claims under 42 U.S.C. § 1981. (the

"Section 1981 claim"), M.G.L.A. 149 § 148, G.L. ch. 149, § 148 (the "State Wage Claim"); and

M.G.L.A. 151B § 4, G.L. ch. 151B, § 4 (the "State Discrimination Claim").[1] Plaintiff also

references a claim for relief for violation of the "E.P.A." without citation, which is presumably a

claim under the Equal Pay Act of 1963, 29 U.S.C. §206(d).

3.       Federal Question Jurisdiction.  This Court has original federal question jurisdiction

over Plaintiff's 42 U.S.C. §1981 and Equal Pay Act claims pursuant to 28 U.S.C. § 1331, because

the action arises under the Constitution, laws or treaties of the United States.

4.       Removal of Federal Claims.  Plaintiff's federal claim, over which this Court has

original jurisdiction, may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State

court of which the district courts of the United States have original jurisdiction, may be removed

by the defendant or the defendants, to the district court of the United States for the district and

division embracing the place where such action is pending."

5.       Supplemental Jurisdiction. This Court has supplemental jurisdiction over Plaintiff's

State Wage Claim and State Discrimination Claim pursuant to 28 U.S.C. § 1367(a), because these

---

[1] Plaintiff also asserts a claim under Commonwealth of Massachusetts Executive Order 526, however on the face of
the Executive Order, Plaintiff does not have standing to assert a claim under the Executive Order; standing is given
solely to the Massachusetts Council against Discrimination.

claims are so closely related to the federal claims that they form part of the same case or controversy, *Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC*, 730 F.3d 67, 72 (1st Cir. 2013); and they and the federal claims derive from a common nucleus of operative facts relating to allegations of retaliation and discrimination stemming from alleged unlawful pay practices, *Ortiz-Bonilla v. Federacion de Ajedrez de Puerto Rico, Inc.*, 734 F.3d 28, 35 (1st Cir. 2013).

6.      <u>Removal of State Law Claims.</u>  Plaintiff's state law claims, over which this Court has supplemental jurisdiction, are removable to this Court pursuant to 28 USC § 1441(c)(1): "If a civil action includes (A) a claim arising under the Constitution, laws, or treaties of the United States . . .  and (B) a claim not within the original or supplemental jurisdiction of the district court . . . the entire action may be removed if the action would be removable without the inclusion of the claim . . . ."

7.      <u>State Court Documents Attached</u>.  The initial Summons and Complaint, Opposition to Motion to Dismiss, Memorandum in Support of Opposition to Motion to Dismiss, Motion to Strike Exhibit 2, and Amended Complaint - As of Course are attached as **Exhibit B**.  These constitute all process, pleadings and orders served on Defendant to date. *See* Suffolk County Superior Court Docket Sheet, **Exhibit C.**  Defendants' Motion to Dismiss and Memorandum in Support of Motion to Dismiss that were served in response to the initial Complaint are attached hereto as **Exhibit D**.

8.      <u>Notice of Removal</u>. As this Notice of Removal is being filed within thirty (30) days of Defendant's receipt of the Amended Complaint, from which it was first ascertained that the case is one which is removable, this removal is timely under 28 U. S.C. § 1446(b)(3).

9.      <u>Notice to Plaintiff in State Court</u>. Written notice of the filing of this Notice of Removal will be promptly served on Plaintiff, through her counsel of record, and a true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Suffolk County, State of Massachusetts, as soon as practicable, in accordance with 28 U.S.C. § 1446(d).

10.     <u>Removal</u>.  This lawsuit is removable to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, which provide for removal of any civil action in which the United States District Court has original and supplemental jurisdiction over the asserted claims. Defendant respectfully gives notice that this action is hereby removed from the Superior Court of Suffolk County, State of Massachusetts to the United States District Court for the District of Massachusetts.

11.     <u>Designation of Relatedness</u>.  Pursuant to Local Rule 40.1(g), as stated in the certification filed herewith, this case is related to *Bossman v. Suffolk Construction Company, Inc*. No. 1:20-cv-12065-WGY because all of the parties are the same and the cases arise out of the same occurrence, transaction or property.  That prior case was removed to this Court because it asserted claims under Title VI of the Civil Rights Act of 1964. Judge Young denied Plaintiff's Motion to Remand and dismissed the case with Plaintiff's consent, and Plaintiff re-filed her case in the Superior Court of Suffolk County.

12.     **WHEREFORE**, Defendant Suffolk Construction Company, Inc. removes this action from the Superior Court of Suffolk County, State of Massachusetts, to the United States District Court for District of Massachusetts.

Respectfully submitted,

/s/ Kristen Schuler Scammon
Kristen Schuler Scammon
Torres, Scammon, Hincks & Day, LLP
Attorneys for Defendant
119 High Street
Boston, MA 02110
Direct: (617) 206-4893
Fax: (617) 307-4427
Email: kscammon@tshdlegal.com

Dated:  April 23, 2021

### Certificate of Service

I hereby certify that the foregoing document was served on the following counsel of record by First Class Mail this 23d day of April, 2021.

W. Kendall
136 Warren St.
Roxbury, MA 02119

/s/ Kristen Schuler Scammon
Kristen Schuler Scammon